No. 51—DANIEL GRIFFIN, plaintiff in error, vs. THE CENTRAL BANK OF GEORGIA and others, defendants in error.

[1.] Under the judgment of the Supreme Court, pronounced in Collins vs. The Cen Bank et al., a person having purchased the bills of the Monroe R. R. and Banking Company, after that judgment was pronounced, which were filed under the decree of the Superior Court of Bibb county before the judgment of the Supreme Court, is not entitled to receive upon them the amount which he paid for them, but the amount paid by the person who was the owner at the time they were filed.

Exceptions to Auditor's Report. In Bibb Superior Court. Before Judge FLOYD. May Term, 1847.

In the case of Collins vs. The Central Bank of Georgia and others, claimants of the fund raised by the sale of the Monroe Rail Road, its fixtures, &c. under a decree in chancery obtained in Bibb Superior Court, by virtue of a writ of error to that Court, upon a certain bill of exceptions filed to the decision and judgment of the presiding judge in the distribution of said fund, the Supreme Court of the State of Georgia reviewed and reversed the judgment below ; and adjudged and determined amongst other things, that " each bank bill should take in proportion to the quantum of consideration paid therefor by the holder, or claimant on the fund : and that such holder, or claimant, should state the quantum of consideration actually paid therefor, on oath in writing, with the right of other contesting claimants of said fund, to traverse the same.

The Auditors appointed by the Superior Court of the county of Bibb, under the said order of the Supreme Court, to hear evidence, and report upon the quantum of consideration paid by the

different bill-holders claiming a portion of said fund, met in pursuance of their said appointment; when the plaintiff in error claiming a portion of said fund, as a holder of bills of the said Monroe Rail Road and Banking Company, to the amount of four thousand one hundred and fifteen dollars, which had been filed with the clerk of the Court below, by, and in the name of one Richard Peters, Jr., by his counsel in that behalf, Messrs. Powers & Whittle—which said bills were then produced and shown to said auditors by said Daniel Griffin, through his counsel as aforesaid, the said Griffin then and there claiming that said auditors should allow him, as a bill-holder, to draw and receive his proportionate amount to which said four thousand one hundred and fifteen dollars would entitle him—offered in support of the same, under the said order and decree prescribed by the Supreme Court in the premises, the following evidence, to wit :

"Macon, Georgia, January 30th, 1847.

"Having sold to Daniel Griffin, Esq. the sum of four thousand one hundred and fifteen dollars of the bills of the Monroe Rail Road and Banking Company, which have been filed with the clerk of the Superior Court for Bibb county, under order of court, in my name, Messrs. Powers & Whittle will please hold the same or their proceeds subject to the control of Mr. Griffin or to his order.
"Richard Peters, Jr."

"Georgia, ⎰   Personally appeared before me, Daniel Griffin,
*Bibb County.* ⎱ who being duly sworn, deposeth and saith, that he is the owner of four thousand one hundred and fifteen dollars of the bills of the Monroe Rail Road and Banking Company, which have been filed with the clerk of the Superior Court for said county in the name of Richard Peters, Jr. to claim a part of the proceeds of the said road, &c., and that said bills cost this deponent, one hundred (100) cents in the dollar.
"Daniel Griffin.

"Sworn to and subscribed before me,
this 30th January, 1847.
"N. C. Munroe, J. I. C."

Which said evidence, and the claim of said Griffin, were rejected by said auditors, they requiring that said Griffin should procure and produce to said auditors, before he would be allowed to participate

in, or receive any of said fund, evidence of the quantum of consideration paid by said Richard Peters, Jr. for said four thousand one hundred and fifteen dollars of bank bills of said company.

To which said decision of said auditors, said Griffin, by his attorneys aforesaid, objected and excepted, as illegal and not within the requisition of the decree and order of the Supreme Court, in the premises; and afterwards, at the May term of the Court below, when said report of said auditors came to be acted on, and received by said Court, the said report was received, adopted and confirmed by said Court, as its judgment and decree, notwithstanding the objections and exceptions of said Griffin thereto. To which decision and judgment of the Court below, the said Griffin excepted, and assigned the same for error.

Powers & Whittle, and Bailey, for the plaintiff in error.

Poe & Nisbet, for the defendants.

Rutherford, also, for claimants of the fund, in opposition to plaintiff in error, submitted the following brief:

1. Point on merits—Peters, (of whom Griffin bought,) by coming in under the original decree and *filing* his claim, became a *party* to the suit. *Story Eq. Pl. sec.* 99; *ib.* 99, *n.* 3; 2 *Story Eq. sec.* 1036*a*; 19 *Vesey R.* 336; 2 *id.* 312, 313; *Coop. Eq. Pl.* 39, 106, 1 *Paige* 417, *n.*; 2 *id.* 18, 19.

2. Griffin, having bought the bills of Peters after the latter filed them, bought *lis pendens*, and as to all other claimants, will be held to occupy the same and no better situation than Peters, and subject to all the equities that he was. 1 *Story Eq. sec.* 406; 2 *id. sec.* 908; *Story Eq. Pl.* 342; *Calv. on Par.* 102; 2 *Ball & Beatt.* 186, 169; 11 *Vesey R.* 197; 18 *id.* 84; 1 *Vern.* 459.

*By the Court.*—Nisbet, J., delivering the opinion.

The auditors refused to allow to Mr. Griffin the amount which, in his affidavit it appears he gave for the bills of the Monroe Rail Road & Banking Company, holding, that he was entitled to receive only what they cost Peters, who had filed them under the decree of the Superior Court of Bibb county, and before the judgment of the Supreme Court. Judge Floyd confirmed the decision of the auditors, and his judgment in that regard, is excepted to.

[1.] The question is, whether a purchaser of these bills, so filed, after the judgment of the Supreme Court, was, according to that judgment, entitled to receive what he paid for them in the distribution of the funds raised from the sale of the Monroe Rail Road & Banking Company, or what had been paid for them by the holder, anterior to that judgment. It is confined within very narrow limits. By the original decree of the Superior Court of Bibb county, directing the sale of the Monroe Rail Road, all persons holding claims upon that company, were directed to file their claims in the clerk's office; according to this decree these bills were filed. The Court, in distributing the funds raised by the sale, decided, among other things, that the holders of the bills of that company, were entitled to receive the amount which they called for on their face. The question having been taken up to this Court, we determined that the holders of these bills were not entitled to the amount due on their face, but the amount paid for them. The question as to what the bills then filed, should receive, was made before the Supreme Court, *definitely*, and we now hold, that the judgment of that Court fixed the amount at what was paid for them by the then holder. That amount was to be ascertained by the auditors, but when ascertained, the judgment of the Supreme Court settled it as the quantum of dividend.

If it were true, that, according to the judgment of the Supreme Court a person purchasing these bills after it was pronounced, could come in and receive whatever amount he paid for them, the judgment might have been made, and would be now, so far as the fund is undistributed, a perfect nullity.

In anticipation of such a judicial construction, each holder might, through the agency of accommodating friends, have sold his bills for par value, and both he and the purchaser have realized the whole amount appearing to be due on them, thus defeating the judgment of this Court altogether. As this case involves no point, save a construction of our own judgment pronounced in *Collins* vs. *The Central Bank et al.* 1 *Kelly R.* 435, I dismiss it without further consideration.

Let the judgment of the Court below be affirmed.